# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**GERALD LEN COOLEY,**

Plaintiff,

vs.

**GREG LEONARD, ET AL.,**

Defendants.

CASE NO. 18-cv-00719-YGR

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: Dkt. No. 82

Now before the Court is plaintiff Gerald Len Cooley's motion for leave to file a motion for reconsideration of (i) the Court's December 4, 2018 order dismissing defendant Alison Chandler ("Chandler") and (ii) the Court's April 9, 2019 order dismissing defendant City of Walnut Creek ("Walnut Creek"), in light of purported new material facts that have emerged since the Court issued these orders. (Dkt. No. 82 ("Motion").)

Having carefully reviewed the motion and related papers, and for the reasons set forth below, the Court **DENIES** plaintiff's motion for leave to file a motion for reconsideration.

## I. BACKGROUND

*Pro se* plaintiff Gerald Len Cooley filed this action pursuant to 42 U.S.C. section 1983 for violation of his constitutional rights arising out of his arrest and prosecution for accessory to murder. (Dkt. No. 1.)

As is relevant to the instant motion, on December 4, 2018, the Court granted certain defendants' motion to dismiss motion to dismiss plaintiff's third amended complaint. (Dkt. No. 45 ("December 4 Order").) Among other things, the Court ruled that plaintiff's section 1983 malicious prosecution claim against Chandler, Contra Costa County's deputy district attorney, was dismissed without leave to amend on the basis of absolute prosecutorial immunity. (*Id.* at 8.) The Court further ruled that plaintiff's *Monell* claim against Walnut Creek was dismissed with leave to amend, to allow plaintiff the opportunity to plead additional facts in support of his claim. (*Id.* at

16-17.)

Thereafter, on April 9, 2019, the Court granted in part and denied in part certain defendants' motions to dismiss plaintiff's fourth amended complaint, in which he repleaded a *Monell* claim against Walnut Creek. (Dkt. No. 66 ("April 9 Order").) The Court dismissed the claim against Walnut Creek, finding that plaintiff failed to cure the deficiencies in the third amended complaint and indicated no ability to do so. (*Id.* at 13.)

## II.   LEGAL STANDARD

Plaintiff purports to bring this motion under Civil Local Rule 7-9(a), which provides that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b)." A party seeking leave to file a motion for reconsideration must show "reasonable diligence in bringing the motion" and must demonstrate one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Insofar as plaintiff's motion can be construed as a motion for relief "from a final judgment, order or proceeding" under Federal Rule of Civil Procedure 60(b), that rule permits a court to grant such relief upon a showing of, among other things, "newly discovered evidence which by due diligence could not have been discovered before the court's decision." Such motions "should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court." *Hernandez v. Lamarque*, No. C99-2681 SBA (PR), 2008 WL 782525, at *1 (N.D. Cal. Mar. 24, 2008) (citing *Twentieth Century-Fox Film Corp. v.*

*Dunnahoo,* 637 F.2d 1338, 1341 (9th Cir. 1981)). Moreover, "[m]otions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are committed to the sound discretion of the trial judge." *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994) (citation omitted).[1]

## III.    DISCUSSION

### A.    Reconsideration of Order Dismissing Chandler

In its December 4 Order, the Court found that Chandler was entitled to prosecutorial immunity with respect to the section 1983 malicious prosecution claim brought against her in her individual capacity because plaintiff's allegations "relate[d] to [Chandler's] decision to file charges and suppress exonerating evidence in plaintiff's favor," which "pertain[ed] to actions undertaken by a prosecutor in advance of a criminal prosecution." (December 4 Order at 7, internal quotations omitted.) The Court further held that Eleventh Amendment, which precludes certain suits brought against state actors, barred plaintiff's claim against Chandler in her official capacity. (*Id*. at 8.)

Plaintiff contends that after the Court's ruling dismissing Chandler from the case, he obtained a copy of his arrest warrant in the criminal case for which he was charged as an accessory to murder. (Motion at 9, citing Dkt. No. 56-1, Ex. A.) The warrant was signed under penalty of perjury by Walnut Creek Police Department Detective William Jeha, another defendant in this case. (Dkt. No. 56-1, Ex. A.) Plaintiff avers that he first obtained a copy of the warrant when Walnut Creek attached it as an exhibit to its motion to dismiss plaintiff's fourth amended complaint. Plaintiff further argues that the warrant supports a finding that Chandler is not entitled to absolute immunity "because no probable cause existed to seek an arrest warrant" and because Chandler "was not acting as an advocate of the state" when she "conspired" with police detectives "to fabricate statements in Jeha's warrant[.]" (Motion at 9.)

Although the Court credits plaintiff's contention that he only obtained a copy of the

---

[1] A district court may also reconsider certain judgments under Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment). That rule, however, requires that the motion be filed "no later than 28 days after the entry of the judgment." Because plaintiff filed the instant motion on May 28, 2019, more than 28 days after the Court issued both of the orders plaintiff seeks to have reconsidered, plaintiff's motion is not proper under Rule 59(e).

warrant when it was filed by Walnut Creek, after the Court issued the December 7 Order (Motion, Ex. A, ¶ 3), the Court is not persuaded that the warrant contains *material* facts or evidence bearing on the Court's dismissal of Chandler.  Specifically, even if the warrant supported a finding that defendants, including Chandler, lacked probable cause to arrest him, that finding goes to the merits of plaintiff's claim but does not alter the Court's prosecutorial immunity analysis.  Indeed, as the Court noted in the December 7 Order, "absolute prosecutorial immunity would [] bar" any claim "that [] Chandler is liable for conspiring with" the Walnut Creek Police Department. (December 7 Order at 7, n.7, citing cases.)

Thus, plaintiff has not established that the warrant contains material facts related to the Court's dismissal of Chandler.  Accordingly, his motion for leave to file a motion for reconsideration of Chandler's dismissal is denied.

### B.        Reconsideration of Order Dismissing Walnut Creek

In the Court's April 9 Order granting Walnut Creek's motion to dismiss for failure to state a *Monell* claim, the Court held that "while plaintiff reference[d] a repeated practice of arresting numerous minority citizens across Contra Costa County . . . without probable cause, he d[id] not allege an actual formal policy, unwritten custom, or longstanding practice with sufficient particularity" to show "deliberate indifference to plaintiff's constitutional rights or [] the constitutional violations he allege[d]."  (April 9 Order at 13, internal quotations omitted.)  Rather, plaintiff "merely assume[d]" such a policy, custom, or practice existed.  (*Id.*)  The Court further noted that "[w]hile a city may also be liable under [s]ection 1983 for actions of its employees caused by the city's official policies or customs, here, plaintiff's allegations, again, are conclusory and seemingly rely on his own experience."  (*Id.*, internal quotations omitted.)

Plaintiff contends that after the hearing on the motion to dismiss the third amended complaint, and just before the Court issued the April 9 Order, plaintiff obtained, pursuant to California Penal Code section 832.7, copies of documents related to disciplinary actions taken against Walnut Creek Police Department Detective Curtis Borman.  (Motion at 8.)  These documents include a Notice of Intent to Terminate Borman for dishonesty and repeated mishandling of evidence; a Notice of Discipline to Borman finding reason to deviate from the

discipline originally proposed based information provided at a pre-disciplinary conference; and a Last Chance Agreement allowing Borman to remain an employee of the police department.  (*Id.*, Exs. C, D.)  Plaintiff avers that the disciplinary records support his claim that defendants conspired to "deliberately fabricate statements in Jeha's affidavit for a warrant for [p]laintiff['s] arrest . . ., resulting in [p]laintiff's false arrest."  (*Id.* at 13.)

The Court again credits, for purposes of this motion, plaintiff's contention that he could not reasonably have discovered the disciplinary records until just prior to the Court issuing its decision.  (*Id.*, Ex. A, ¶ 9.)  Moreover, the Court recognizes that the disciplinary records contain troubling evidence that Detective Borman repeatedly mishandled evidence in the course of his duties.  (*Id.*, Exs. C, D.)  However, evidence of one officer's misconduct is insufficient to establish a policy, custom, or practice of exhibiting indifference to individuals' constitutional rights, particularly where the police department disciplined the officer.  *See Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (affirming dismissal of *Monell* claim and holding that "isolated incidents of criminal wrongdoing by one deputy other than [defendant] do not suffice to put the County or [sheriff] on 'notice that a course of training is deficient in a particular respect,' nor that the absence of such a course 'will cause violations of constitutional rights'.") (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)).

As such, although the disciplinary records may provide *some* support for plaintiff's claims, they are not sufficiently material to justify the Court granting the motion for leave to file the motion for reconsideration.

## IV.  CONCLUSION

For the reasons stated herein, plaintiff's motion for leave to file a motion for reconsideration is **DENIED.**

This order terminates Docket Number 82.

**IT IS SO ORDERED.**

Dated: June 18, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**