# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GERALD LEN COOLEY,**<br>Plaintiff,<br>vs.<br>**GREG LEONARD, ET AL.,**<br>Defendants. | CASE NO. 18-cv-00719-YGR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br>Re: Dkt. No. 97 |

On July 6, 2019, plaintiff Gerald Cooley filed a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 with respect to his "judicial deception" claim against defendant William Jeha. (Dkt. No. 97 ("MSJ").) Specifically, in his motion, plaintiff argues that there "is no genuine issue[] of material fact[] concerning [the] judicial deception claim because there is no evidence that Jeha's statements were not deliberately false and designed to deceive [the judge] into finding probable cause to issue a warrant [for] plaintiff's arrest." (*Id*. at 12.) On July 22, 2019, defendants filed an opposition to plaintiff's motion. (Dkt. No. 101.)

Having considered the pleadings and papers submitted, the Court finds that plaintiff's motion is premature and must be denied as such. Plaintiff brings this motion less than two months after the Court denied plaintiff's first motion for partial summary judgment as premature and the pleadings were set. (Dkt. Nos. 78, 80.) Further, the parties have engaged in minimal, if any, discovery. Where a summary judgment motion "is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," "lightning-quick summary judgment motions can impede informed resolution of fact-specific disputes." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773 (9th Cir. 2003); *see also Mehmet v. Paypal, Inc.*, No. C-08-01961 RMW, 2008 WL 3495541, at *5 (N.D. Cal. Aug. 12, 2008) ("Because neither party has had the opportunity to conduct discovery and because this does not appear to be the result of a lack of diligence, the

motion for partial summary judgment is denied as premature without prejudice to its renewal.").[1]
In addition, plaintiff's motion raises issues, such as whether Jeha's statements to the judge who issued plaintiff's warrant were deliberately false, that are material to plaintiff's claims and remain in dispute. In other words, there are triable issues of material fact remaining at this juncture in the proceedings.

For the foregoing reasons, plaintiff's motion for partial summary judgment is **DENIED**, without prejudice to plaintiff renewing his motion at the appropriate time.

This Order terminates Docket Number 97.

**IT IS SO ORDERED.**

Dated: July 23, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] In his motion, plaintiff contends that the burden "[n]ow . . . shifts to Jeha to produce specific evidence through affidavits or admissible discovery to show that a dispute exists." (MSJ at 12.) Insofar as plaintiff filed his motion for partial summary judgment in order to elicit evidence from defendants, the Court advises plaintiff that motions for summary judgment are not intended for this purpose.

2