NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
AMY S. ROTHMAN (State Bar No. 308133)
amy.rothman@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants
City of Walnut Creek Police Detectives William Jeha and Greg Leonard

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEN COOLEY, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF WALNUT CREEK POLICE DETECTIVES WILLIAM JEHA, GREG LEONARD and WCPD DOES 1-10, in their individual and official capacities; COUNTY OF CONTRA COSTA DISTRICT ATTORNEY FORENSIC INVESTIGATIOR DARYL HOLCOMBE and DOES 1-10, in their individual and official capacity, <br><br> Defendants. | Case No. C18-00719 YGR <br><br> **DEFENDANTS' GREG LEONARD, WILLIAM JEHA AND DARYL HOLCOMBE'S JOINT STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER** <br><br> ~~*AS MODIFIED BY THE COURT AND PARTIES~~ <br><br> Judge: Hon. Yvonne Gonzalez Rogers |

The Defendants, GREG LEONARD, WILLIAM JEHA, and DARYL HOLCOMBE ("Defendants"), by and through their respective attorneys of record, hereby stipulate to the following protective order (as modified by the Court) and ask that it be entered.

> 1. In order to protect the confidentiality of the records described below, the following discovery materials are to be disclosed pursuant to protective order and designated as "Confidential Material":

DEFENDANTS' JOINT STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER, C18-00719 YGR

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

Any and all documentary and electronically stored material related to the City of Walnut Police Department's investigation and subsequent arrest and prosecution of Plaintiff Gerald Len Cooley Jr. by the Contra Costa County District Attorney's Office for being an accessory to the murder of Courtney Brown, including any documents relating to the investigation and prosecution of Larry Griffin.

2. Confidential Material may not be disclosed except as set forth in paragraphs 3–7.

3. Prior to the release of Confidential Material, defendants shall redact any birth dates, Social Security numbers, driver's license numbers and home addresses to the extent that information is not necessary to be used as evidence by either party.

4. Confidential Material may be disclosed only to the following persons:

a. Counsel for any party to this action;

b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 4(a);

c. One designee of the pro se plaintiff, if plaintiff deems the disclosure necessary to aid plaintiff's prosecution of the case. No Confidential Material shall be disclosed to this designee unless and until (1) the designee completes the ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND that is attached to this Protective Order as EXHIBIT A; AND plaintiff files a copy of the completed ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND with the Court;

d. Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

e. Any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

f. Any "in house" expert designated by Defendant to testify at trial in this matter;

g. Witnesses, other than the Plaintiff herein, who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of paragraph 5;

h. Any neutral evaluator or other designated ADR provider;

i. Parties to this action; and

j. The jury, should this matter go to trial.

5. Each person to whom disclosure is made, with the exception of counsel and the Plaintiff, who are presumed to know of the contents of this protective order, shall, prior to disclosure:

(1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Northern District, with respect to any proceeding relating to the enforcement of this order. Defendants Greg Leonard, William Jeha, Daryl Holcombe and any other named Defendants herein shall be entitled to retain possession of the original writings described above. Nothing in this paragraph is intended to prevent officials or employees of the City of Walnut Creek or County of Contra Costa or other authorized government officials or any other persons from having access to the documents if they would have had access in the normal course of their job duties or rights as a citizen. Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to the City of Walnut Creek Police Department and County of Contra Costa District Attorney's Office with respect to what she/he saw, heard, or otherwise sensed.

6. Confidential Material disclosed may be used in the litigation of this action only, and not for any other purpose.

7. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be delivered back to the City of Walnut Creek Police Department and County of Contra Costa. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are returned back to Defendants.

8. Should a party intend to file Confidential Material with the court, as an exhibit to a pleading or otherwise, that party must first notify all other parties (defendants through their attorneys or plaintiff pro se), no less than fourteen days before the intended filing date, giving any such party reasonable notice and an opportunity to apply to the court for an order to file the material under seal.

9. No document shall be filed under seal unless a party secures a court order allowing the filing of a document under seal.

10. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material and the material is being disclosed per Paragraphs 4 and 6 and in a manner described by and pursuant to this protective order.

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

11. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order.

12. Upon receipt of this Protective Order and disclosure of the Confidential Material it will be presumed that plaintiff knows of the contents of this Protective Order, understands the provisions of this Protective Order and consents to be subject to the jurisdiction of the United States District Court, Northern District, with respect to any proceeding relating to the enforcement of this Protective Order.

13. Violation of the terms of this Protective Order may subject a party, or any non-party to whom disclosure is made pursuant to this protective order, to any and all permissible sanctions, including dismissal.

The parties attest that concurrence in the filing of these documents has been obtained from each of the other Signatories, which shall serve in lieu of their signatures on the document.

Date: July ____, 2019

___Not agreed to by Plaintiff_____
Plaintiff, Gerald Len Cooley Jr.

Dated: July 18, 2019

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By: ___/s/ Rothman, Amy_____
Noah G. Blechman
Amy S. Rothman
Attorneys for Defendants
GREG LEONARD and WILLIAM JEHA

Dated: July 18, 2019

SHARON L. ANDERSON
COUNTY COUNSEL

By: _____/s/ Hurley, Patrick_____
Patrick L. Hurley
Deputy County Counsel
Attorney for Defendant DARYL HOLCOMBE

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: July 24, 2019

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge

DEFENDANTS' JOINT STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER, C18-00719 YGR     4

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of Gerald Len Cooley Jr. v. City of Walnut Creek Police Detective William Jeha, et al., No. 18-CV-00719-YGR. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____