United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GERALD LEN COOLEY,**<br>Plaintiff,<br>vs.<br>**GREG LEONARD, ET AL.,**<br>Defendants. | CASE NO. 18-cv-00719-YGR<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br>Re: Dkt. No. 96 |

The Court is in receipt of plaintiff Gerald Cooley's letter brief regarding his discovery dispute with defendants Greg Leonard, Daryl Holcombe, and William Jeha, and defendants' response thereto. (Dkt. Nos. 96, 99, 100.) The parties primarily seek resolution of certain disagreements regarding a protective order in this case. Plaintiff also object to defendants' failure to respond to his discovery requests, served June 3, 2019.

**Plaintiff is advised that his filing does not comply with this Court's Standing Order in Civil Cases**, which states as follows:

> b. **Joint Discovery Letter:** All other requests for discovery relief must be summarized by the parties in **one *joint*** letter brief no longer than **four pages** (two pages per side). In the joint letter brief, counsel must attest that, prior to filing the request for relief, counsel met and conferred *in person*, and then concisely summarize all remaining issues that counsel were unable to resolve. **The parties may not file multiple joint letter briefs,** irrespective of the number of disputes then at issue. If there are multiple disputes at issue, the parties may provide a list of those disputes as part of their joint letter brief.
>
> The joint letter brief may cite to limited and specific legal authority only for resolution of dispositive issues. The joint letter brief may not be accompanied by declarations; however any specific excerpt of disputed discovery material may be attached. The Court will then

advise the parties if additional briefing, a telephonic conference, or a personal appearance will be necessary.

Judge Yvonne Gonzalez Rogers, Standing Order in Civil Cases, ¶ 8(b) (updated April 2, 2019).[1]

The Court recognizes that plaintiff is currently proceeding in this action *pro se*. That fact does not, however, excuse him from compliance with this Court's standing order and the local rules, particularly after defendants advised him as to the reasons his filing was improper. (*See* Dkt. No. 100, ¶¶ 3-5.)

**The parties are further advised that in the event of any future discovery disputes, including any disputes related to the protective order in this case, the Court will not review any submission by either party unless it is a letter brief filed in compliance with this Court's Standing Order.** If a party is refusing to meet and confer as required, the party seeking a discovery order may inform the Court by way of a letter brief explaining the meet and confer efforts thus far. Should it appear to the Court that a party is refusing to meet and confer, the Court may issue an Order to Show Cause regarding sanctions for such refusal.

As to the present dispute, the Court has reviewed the papers submitted and entered a stipulated protective order that resolves the issues raised by the parties. Defendants have represented that they will now begin producing documents in response to plaintiff's discovery request. (Dkt. No. 100, ¶ 18.) They are instructed to do in a timely manner.

**IT IS SO ORDERED.**

Dated: July 24, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] In addition, although plaintiff's filing seeks to have the Court intervene pursuant to Civil Local Rule 37-1(b), plaintiff has not complied with the rule, which requires the parties to "attempt to resolve the matter without judicial intervention by conferring in good faith" before seeking judicial intervention.

2