UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEN COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>GREG LEONARD, et al.,<br><br>Defendants. | Case No. 4:18-cv-00719-YGR (KAW)<br><br>**ORDER TERMINATING PLAINTIFF'S 7/29/19 UNILATERAL DISCOVERY LETTER**<br><br>Re: Dkt. No. 106 |

On July 29, 2019, Plaintiff Gerald Len Cooley, Jr. filed his second unilateral letter brief seeking to compel the production of documents following the district court's July 24, 2019 order that they be produced in a "timely manner." (Letter, Dkt. No. 106.)

On July 31, 2019, Defense counsel Amy Rothman filed a declaration stating that she was out of the country on vacation from July 19, 2019 to July 30, 2019. (Decl. of Amy S. Rothman, "Rothman Decl.," Dkt. No. 107 ¶ 2.)[1] Ms. Rothman explained that the documents being produced related to the murder investigation that led up to Plaintiff's arrest as an accessory for murder, and that Defendants had already informed Plaintiff that they expected to complete the production by August 16, 2019. (Rothman Decl. ¶ 4-5.) Further, since the murder investigation resulted in the conviction of another individual, an extensive number of documents had to be collected, reviewed, redacted, and bate stamped before they could be produced. (Rothman Decl. ¶ 10.) Defendants also informed the district court that Plaintiff had sent a series of threatening emails, including threatening to report Ms. Rothman and counsel Noah Blechman to the State Bar of California if

---

[1] On July 26, 2019, Plaintiff was advised that Ms. Rothman was currently out of the country, but that she was handling the production and that Defendants would pull the production together upon her return. (Rothman Decl., Ex. A at 14.)

they did not produce the documents. (Rothman Decl. ¶ 7, Ex. A at 16-17.)

On August 1, 2019, the pending discovery dispute and all other discovery matters in this case were referred to the undersigned. (Dkt. No. 109.)

While the undersigned is sympathetic that Plaintiff will be out of state for the better part of August to attend a family reunion, his vacation schedule does not dictate the timeline in which Defendants must make their production nor does it excuse him from the joint letter requirement. (*See* Letter at 2.) Moreover, Plaintiff is advised that accusing opposing counsel of misconduct and threatening them with a State Bar investigation is not an appropriate litigation strategy and could be grounds for sanctions.

Accordingly, Plaintiff's second unilateral discovery letter is TERMINATED. Since August 16, 2019 has passed, if Defendants have not done so already, they must complete their document production within 7 days of this order.

Additionally, Plaintiff is advised that all discovery disputes must be addressed by joint letter after the parties have sufficiently met and conferred regarding the dispute. (*See* Judge Westmore's General Standing Order ¶¶ 13-14, *http://cand.uscourts.gov/kaworders*.) Furthermore, the joint letter must be in the following format to ensure that the parties are addressing the same dispute, and are doing so in a manner that facilitates the Court's resolution:

**A.     Request for Production No. 7**

[Summarize the issue and reproduce the request.]

<u>Defendant's Position</u>

[Defendant's position outlining why Plaintiff's response is deficient and the relief requested.]

<u>Plaintiff's Position</u>

[Plaintiff's rationale as to why he fully responded to the request, etc.]

//

//

//

//

**B.     Request for Production No. 12**

[Summarize the issue and reproduce the request.]

Defendant's Position

[Defendant's position outlining why Plaintiff's response is deficient and the relief requested.]

Plaintiff's Position

[Plaintiff's rationale as to why he fully responded to the request, etc.]

(Judge Westmore's General Standing Order ¶ 14.)

IT IS SO ORDERED.

Dated: August 19, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge