UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEN COOLEY,<br>Plaintiff,<br>v.<br>GREG LEONARD, et al.,<br>Defendants. | Case No. 4:18-cv-00719-YGR (KAW)<br>**ORDER DENYING PLAINTIFF'S WRITTEN REQUEST FOR A TELEPHONIC CONFERENCE**<br>Re: Dkt. Nos. 112-114 |

On September 9, 2019, Plaintiff Gerald Len Cooley Jr. filed a unilateral request for a telephonic conference to enforce the undersigned's meet and confer requirement. (Dkt. No. 112.)

On September 23, 2019, defense counsel Amy Rothman filed a declaration in which she explained that Defendants have been meeting and conferring with Plaintiff, that Plaintiff filed his request without informing Defendants of his intent to file and without giving them the opportunity to file a joint letter, and that, to date, Plaintiff has only made one formal request for production, which consisted of only four document requests. (Decl. of Amy S. Rothman, Dkt. No. 113 ¶¶ 2-4.)

On September 26, 2019, Plaintiff filed a reply, in which he reiterated that he seeks only to enforce the requirement that the parties meet and confer in person or telephonically before the preparation of a joint letter. (Decl. of Gerald Len Cooley Jr., "Cooley Decl.," Dkt. No. 114 ¶ 12.)

In light of the foregoing, Plaintiff's request for a telephonic conference to enforce the meet and confer requirement is DENIED. Nonetheless, the parties are ordered to meet and confer, either in person or telephonically, within 7 days of this order.

Mr. Cooley is advised that Defendants are only required to produce documents that are responsive to the requests propounded, so he may need to propound additional discovery. Submitting requests in email correspondence is not sufficient. (*See* Rothman Decl. ¶ 13.)

Additionally, the purpose of the meet and confer requirement is to resolve as many disputes as possible in an effort to avoid court intervention. If that is not possible, the parties are supposed to attempt to compromise and narrow the scope of their disputes, and any joint letter should address only those issues on which the parties are unable to agree. Sometimes this requires providing an extension of time to make a production, particularly if it is voluminous or the search itself is time consuming.

Additionally, Defendants are advised of their obligation to preserve evidence reasonably related to this case, including emails that may have otherwise been destroyed due to a two-year email retention policy. (*See* Cooley Decl. ¶¶ 4-7.) Defendants are also reminded that the Court previously ordered them to complete their document production by August 26, 2019. (*See* Dkt. No. 110 at 2.) This, of course, only pertains to those documents responsive to Plaintiff's formally propounded requests, and does not apply to any informal requests he may have made via email or otherwise.

The parties are advised that any joint letter pertaining to Plaintiff's requests for production must include the requests and Defendants' responses.

IT IS SO ORDERED.

Dated: September 30, 2019

KANDIS A. WESTMORE
United States Magistrate Judge