1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 GERALD LEN COOLEY,      Case No. 4:18-cv-00719-YGR (KAW)

8       Plaintiff,      **ORDER REGARDING 10/10/19 JOINT LETTER RE: DEFENDANT HOLCOMBE'S RESPONSES TO REQUESTS FOR PRODUCTION**

9       v.

10 GREG LEONARD, et al.,

11       Defendants.      Re: Dkt. No. 120

United States District Court
Northern District of California

12

13      On October 10, 2019, Plaintiff Gerald Len Cooley and Defendant Darryl Holcombe filed a

14 joint letter pertaining to the sufficiency of Defendant's responses to Plaintiff's Requests for

15 Production of Documents Nos. 1 and 3. (Joint Letter, Dkt. No. 120.)

16      Upon review of the joint letter, and for the reasons set forth below, the Court denies

17 Plaintiff's request to compel supplemental responses.

18      **1. Timeliness of Initial Responses**

19      As an initial matter, Plaintiff contends that the responses were not timely served. (Joint

20 Letter at 2.) Defendant argues that Plaintiff refused to grant a reasonable request for an extension

21 of time, so he served timely objections on July 3, 2019 in order to preserve his objections, and

22 supplemental responses were later served on August 6, 2019. *Id.* at 3.

23      Now, Plaintiff asks that the Court require Defendant to furnish supplemental responses

24 without objection. (Joint Letter at 3.) The Court declines to do so, because 1) the objections were

25 preserved, and 2) the parties are encouraged to grant reasonable extensions to serve discovery

26 responses. *See* Northern District Guidelines for Professional Conduct § 4.

27      **2. Request for Production No. 1**

28      Request No. 1 seeks documents pertaining to Plaintiff's involvement in the murder

1   investigation, including any investigative reports. (Joint Letter at 2.)  Plaintiff argues that after

2   reviewing the document production, no "comprehensive report authored by Holcombe concerning

3   his analysis of the cellphone GPS location data" was included, despite the fact that an affidavit

4   supporting a search warrant for Plaintiff's cellphone stated that "Holcombe reported that

5   Plaintiff's and Larry Griffin's cellphone GPS locations mirrored each other." (Joint Letter at 2)

6   (emphasis in original.)

7   　　　In response, Defendant states that the supplemental responses served on August 6, 2019

8   included all documents responsive to the request, including Holcombe's written digital forensic

9   analysis of the cell site locations on the night of the murder, the phone records used to prepare the

10  report, and an email from the Walnut Creek Police Department with information regarding

11  Plaintiff's cell phone. (Joint Letter at 3.)  Defendant affirmatively states that "[a]ll reports by

12  Holcombe relating to his analysis of the locations of Griffin's phone and Cooley's phone have

13  been produced to plaintiff." *Id.*

14  　　　The Court cannot require a party to produce documents that do not exist. Accordingly,

15  Plaintiff's request to compel supplemental responses to Request No. 1 is denied.

16  　　　**3.  Request for Production No. 3**

17  　　　Request No. 3 seeks:

18  　　　　　any and all digital cellphone data including in and out going phone
    　　　　　calls, text messages, GPS location data, deleted pictures, encrypted
19  　　　　　messages, that were obtained and used in the course of the
    　　　　　investigation of Plaintiff Gerald Len Cooley Jr. as the accessor of
20  　　　　　Larry Griffin in connection of the murder of Courtney Brown that
    　　　　　points to Plaintiff's involvement or involvement is said murder, prior
21  　　　　　to the submission of the warrant application to Contra Costa County
    　　　　　Superior Court Judge Lewis A. Davis by retired Walnut Creek Police
22  　　　　　Detective William Jeha on September 22, 2016.

23  (Joint Letter at 3-4)(emphasis omitted.)

24  　　　During the parties' meet and confer on October 3, 2019, Plaintiff complained that the

25  production did not include the GPS location data, specifically the latitude and longitude of the

26  GPS coordinates. (Joint Letter at 4.)  Defendant stated that his client was being sued in his

27  individual capacity, so he is not in possession or control of the material, but that co-defendants

28  Jeha and Leonard produced that information to Plaintiff already on a compact disc. *Id.*  Defendant

2

1    offered to provide a copy of the disc that he received containing the information sought, and

2    Plaintiff confirmed that he had received that disc on October 8, 2019. *Id.* Plaintiff is not, however,

3    satisfied with the formatting of that file, as it appears to be from an unknown source rather than T-

4    Mobile, and is not bate stamped. *Id.*

5        Defendant contends that he supplemented the document production by producing the disc,

6    and, later, producing the file in its native format. (Joint Letter at 5.)  He further argues that the fact

7    that the document does not contain the information Plaintiff seeks does not obligate further

8    supplementation, because Holcombe can only be expected to produce documents that are in his

9    possession. *Id.*  The Court agrees.

10       Accordingly, Plaintiff's request to compel supplemental responses to Request No. 3 is

11   denied.

12       IT IS SO ORDERED.

13   Dated: November 6, 2019

14                                                                  KANDIS A. WESTMORE
                                                                    United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

3