UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEN COOLEY,<br><br>   Plaintiff,<br><br>   v.<br><br>GREG LEONARD, et al.,<br><br>   Defendants. | Case No. 4:18-cv-00719-YGR   (KAW)<br><br>**ORDER REGARDING 10/11/19 JOINT LETTER RE: DEFENDANTS JEHA AND LEONARD**<br><br>Re: Dkt. No. 121 |

On October 11, 2019, Plaintiff Gerald Len Cooley and Defendants William Jeha and Greg Leonard filed a joint letter pertaining to the sufficiency of Defendants' responses to Plaintiff's Requests for Production of Documents Nos. 1 and 3. (Joint Letter, Dkt. No. 121.)

Upon review of the joint letter, and for the reasons set forth below, the Court denies Plaintiff's request to compel supplemental responses.

**1. Request for Production No. 1**

Request No. 1 seeks documents pertaining to Plaintiff's involvement in the murder investigation, including any investigative reports. (Joint Letter at 2.) Plaintiff argues that Defendants' responses are deficient because they failed to produce Defendant Darryl Holcombe's written report and analysis of the cellphone GPS location data that Defendant Jeha relied upon in his affidavit supporting the warrant issued for Plaintiff's arrest. (Joint Letter at 1.)

In response, Defendants explain that "reported" was used in the affidavit as a synonym for "told" or "relayed"—rather than a separate, written report—and that all documents pertaining to Holcombe's analyses of the phone records have been produced. (Joint Letter at 3.)

Additionally, Plaintiff argues that Defendants engaged in spoliation of email evidence that should have been subject to a litigation hold. (Joint Letter at 2.) This dispute is the subject of the pending motion for sanctions, and will be addressed in respect to that motion.

Since the Court cannot require Defendants to produce documents that do not exist, Plaintiff's request to compel supplemental responses to Request No. 1 is denied.

**2. Request for Production No. 3**

Request No. 3 seeks:

> any and all digital cellphone data including in and out going phone calls, text messages, GPS location data, deleted pictures, encrypted messages, that were obtained and used in the course of the investigation of Plaintiff Gerald Len Cooley Jr. as the accessor of Larry Griffin in connection of the murder of Courtney Brown that points to Plaintiff's involvement or involvement is said murder, prior to the submission of the warrant application to Contra Costa County Superior Court Judge Lewis A. Davis by retired Walnut Creek Police Detective William Jeha on September 22, 2016.

(Joint Letter at 4)(emphasis omitted.)

During the parties' meet and confer, Plaintiff complained that the production did not include the GPS location data for Larry Griffin's phone, specifically the latitude and longitude of the GPS coordinates. (Joint Letter at 4.) Defendants maintain their objections that the request was vague and compound and that they did not have to respond to new, informal requests via email. *Id.* at 5.[1] Regardless, Defendants said that they would look into the issue, and the County produced the T-Mobile phone records for Larry Griffin, which were received by Plaintiff on October 8, 2019. *Id.*

Defendants contend that this supplemental production resolves the pending dispute, and that Plaintiff's demand that the parties submit the instant joint letter is frivolous. (Joint Letter at 5.) The Court agrees.

Accordingly, Plaintiff's request to compel supplemental responses to Request No. 3 is denied. Plaintiff is advised to refrain from demanding that joint letters be filed when the parties are able to resolve discovery disputes informally, because that unnecessarily burdens the Court.

IT IS SO ORDERED.

Dated: November 6, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Defendants are reminded that Plaintiff is permitted to narrow the scope of his request within the parameters of the meet and confer process.