UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEN COOLEY,<br>        Plaintiff,<br>v.<br>GREG LEONARD, et al.,<br>        Defendants. | Case No. 4:18-cv-00719-YGR (KAW)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 117 |

On February 1, 2018, Plaintiff Gerald Len Cooley filed this action alleging that his civil rights were violated in connection with an investigation for murder in which he was a suspected accessory. On October 7, 2019, Plaintiff filed a motion for sanctions for spoliation of evidence and requested that the Court enter default judgment against current Defendants Greg Leonard and William Jeha.

On November 21, 2019, the Court held a hearing, and after careful consideration of the parties' arguments and moving papers, and for the reasons set forth below, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion for sanctions.

## I. BACKGROUND

On February 1, 2018, Plaintiff Gerald Len Cooley filed this civil rights action against the City of Walnut Creek, City of Walnut Creek Police Officers, and Does 1-10 alleging that, on October 5, 2016, he was arrested by the Walnut Creek Police Department ("WCPD") and booked into the Contra Costa County Detention Center in Martinez, California, and maliciously prosecuted as an accessory for murder for knowingly driving his co-defendant from the murder scene. (Compl., Dkt. No. 1 at 2.) On February 5, 2019, Plaintiff's fourth amended complaint, for the first time, named WCPD Detective Greg Leonard as a defendant. (Dkt. No. 52.) On April 10,

2019, Plaintiff's fifth amended complaint, for the first time, named Darryl Holcombe as a defendant. (Dkt. No. 67.) On May 13, 2019, Plaintiff's sixth amendment complaint—the operative complaint in this action—for the first time, named WCPD Detective William Jeha as a defendant. (Sixth Am. Compl., "SAC," Dkt. No. 80.) Therein, Plaintiff alleges that the defendants violated his rights by fabricating statements in the application for the warrant for Plaintiff's arrest, and participated in a conspiracy that led to his malicious prosecution. (SAC at 1-2.)

Plaintiff has been requesting direct email correspondence between Walnut Creek Police Department Detectives William Jeha, Greg Leonard, Jenna Kolmeister, Holley Conners, Contra Costa County District Attorney Forensic Expert Darryl Holcombe, and Deputy District Attorney Alison Chandler pertaining to his cell phone records and location data. (Pl.'s Mot. at 2.)

On October 7, 2019, Plaintiff filed the motion for sanctions for spoliation of evidence, wherein he accuses WCPD Detectives Jeha and Leonard of deliberately deleting relevant emails. (Pl.'s Mot., Dkt. No. 117.) Defendants filed their opposition on October 21, 2019. (Defs.' Opp'n, Dkt. No. 124.) Plaintiff filed his reply on October 23, 2019, and also filed a request for judicial notice. (Pl.'s Reply, Dkt. No. 125; Pl.'s Req. for Judicial Notice, "RJN," Dkt. No. 127.)

On October 31, 2019, Defendants filed a sur-reply, but did so without leave of court. (Defs.' Sur-reply, Dkt. No. 129.) On November 1, 2019, Plaintiff filed an objection to the sur-reply. (Pl.'s Obj., Dkt. No. 131.) The objection is sustained and the sur-reply is stricken.

## II.  LEGAL STANDARD

### A.  Motion for Sanctions

Courts are vested with inherent powers "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Spoliation "refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). The Ninth Circuit has explicitly recognized that trial courts possess "inherent discretionary power to make appropriate evidentiary rulings in

response to the destruction or spoliation of relevant evidence," and that sanctions for spoliation of evidence may be imposed under the court's inherent powers to manage its own affairs. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993); *Jackson Family Wines, Inc. v. Diageo N. Am., Inc.*, No. CV 11-5639 EMC (JSC), 2014 WL 595912, at *4 (N.D. Cal. Feb. 14, 2014) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir.2006)).

### B. Request for Judicial Notice

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). Under Rule 201, "a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

### A. Request for Judicial Notice

As a preliminary matter, Plaintiff asks that the Court take judicial notice of three documents in support of his reply brief: 1) non-party City of Walnut Creek's motion to quash Gerald Len Cooley's subpoena, filed June 13, 2018, in Contra Costa Superior Court Case No. 01-179149-0; 2) Declaration of Amy S. Rothman in support of the motion quash, dated June 13, 2018, in Contra Costa Superior Court Case No. 01-179149-0; and 3) non-party City of Walnut Creek's reply brief in support of the motion to quash, dated August 6, 2018, in Contra Costa Superior Court Case No. 01-179149-0. (Req. for Judicial Notice, "RJN," Dkt. No. 127," Exs. 1-3.)

Defendants did not object to the request for judicial notice. The documents are true and correct copies of a court record, which are subject to judicial notice. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Accordingly, the Court GRANTS Plaintiff's request for judicial notice.

//

**B. Motion for Sanctions**

Plaintiff contends that Defendants Jeha and Leonard engaged in the willful spoliation of emails pertaining to Plaintiff's cell phone records and location data that were unlawfully destroyed due to the WCPD's email retention policy. (Pl.'s Mot. at 2.) Plaintiff argues that Defendants had notice of his claims as of February 1, 2018, the date the original complaint was filed, and should have initiated a litigation hold on those emails to ensure that they were not destroyed pursuant to the email retention policy. (*See* Pl.'s Mot. at 3-4.) Plaintiff believes that these emails would identify key witnesses and potential defendants. *Id.* at 6. As a result of this conduct, Plaintiff requests that the Court sanction Defendants Jeha and Leonard by entering default judgment on the grounds that less drastic sanctions would not ameliorate the loss of the email evidence. (Pl.'s Mot. at 4-5.)

### i. Default Judgment is not appropriate.

Plaintiff requests that the Court enter default judgment against Defendants Jeha and Leonard for spoliation of email evidence. (Pl.'s Mot. at 4-5.) Document retention policies are common business practices and are lawful under ordinary circumstances. *Arthur Andersen LLP v. United States,* 544 U.S. 696, 704 (2005). WCPD has a two-year email retention policy, after which time all emails older than two years are deleted. (*See* Decl. of Amy S. Rothman, "Rothman Decl.," Dkt. No. 124-1 ¶ 13.) As discussed below, the Court finds that Defendants had a duty to preserve relevant evidence such that the emails should have been retained. *See* discussion, *infra*, Part III.B.i.

Notwithstanding, default judgment or dismissal under a court's inherent powers is only justified in extreme circumstances, and is only permitted after considering less drastic sanctions. *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 381 (9th Cir. 1988). Plaintiff argues that lesser sanctions are insufficient, because the "relevant emails would have naturally been introduced into evidence as exhibits to a motion, hearing or at trial." (Pl.'s Mot. at 6.) That argument is unavailing, because that rationale would require that all cases involving spoliation have judgment entered against the offending party without regard to the significance of the evidence. Instead, many cases address spoliation by imposing a lesser sanction. Here, the parties have not completed

4

discovery, so it is impossible to determine the appropriateness of other, lesser sanctions, such as an adverse inference instruction. To the extent that Plaintiff believes that the emails would identify key witnesses and potential defendants, this information could be obtained through other means, including written discovery or deposition testimony. (*See* Pl.'s Mot. at 6.) Additionally, it is possible that Plaintiff can obtain some or all of those emails by issuing document subpoenas to the other agencies, who may have different retention policies, which has not occurred.

Accordingly, Plaintiff's motion for sanctions is denied without prejudice.

### ii. Whether Defendants engaged in spoliation of evidence such that lesser sanctions may be appropriate.

Notwithstanding, to assist the parties in their meet and confer efforts, the Court will address the spoliation issue, and whether lesser sanctions may be appropriate at a later time. For example, an adverse inference instruction based on the destruction of evidence is appropriate if: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the records were destroyed with a culpable state of mind; and (3) the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Waters v. Kohl's Dep't Stores, Inc.*, No. 14-cv-00043-KAW, 2015 WL 1519657, at *2 (N.D. Cal. Apr. 2, 2015) (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir. 2002)).

#### a. Duty to Preserve Relevant Evidence

Defendants argue that it had no duty to preserve internal emails between WCPD and County personnel as of February 1, 2018, since Defendants were not on notice that those emails could be potentially relevant to "Plaintiff's very vague and limited claims at the time." (Defs.' Opp'n at 8.) Litigants have a duty to preserve "what [they know], or should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Toppan Photomasks, Inc. v. Park*, No. 13-CV-03323-MMC, 2014 WL 2567914, at *5 (N.D. Cal. May 29, 2014) (quoting *Io Grp.*, 2011 WL 4974337, at *5). This obligation may arise before litigation is formally commenced. *See World Courier v. Barone,* No. C 06-3072 TEH, 2007 WL

1119196, at *1 (N.D. Cal. Apr. 16, 2007).

Although the Ninth Circuit has not precisely defined when the duty to preserve is triggered, courts in this district generally agree that, "[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *In re Napster, Inc. Copyright Litig.,* 462 F. Supp. 2d at 1067; *Apple Inc. v. Samsung Electronics Co.*, 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012).

The original complaint alleges that unknown Walnut Creek Police Officers participated in the malicious prosecution of Plaintiff, and knowingly withheld cell phone records obtained during their investigation that would have exonerated Plaintiff, which led to his arrest, prosecution, and four-month detention prior to his release. (Compl., Dkt. No. 1 at 2.) In opposition, Defendants contend that the emails were not retained, because WCPD was not on notice that the internal emails between Walnut Creek police and County employees were relevant until the filing of the fifth amended complaint on April 10, 2019, in which Plaintiff made allegations of conspiracy. (Defs.' Opp'n at 11.) By that point, the emails would have been lost pursuant to the two-year retention policy. *Id.*

This argument in unavailing. Relevancy is a very broad standard, and the internal emails that were destroyed are also relevant to the malicious prosecution claim. Thus, Defendants' knowledge that litigation was pending regarding the alleged malicious prosecution claim stemming from Plaintiff's October 5, 2016 arrest for accessory to murder, means that, despite the seemingly vague allegations, Defendants could have identified the police officers involved in the murder investigation based on a simple search of their records, such as a police report, and subjected any respective emails related to Plaintiff to a litigation hold.

Thus, at the very latest, Defendants' duty to preserve the email evidence was triggered on March 19, 2018, the date WCPD first appeared in this action. (*See* Dkt. No. 10.)

b. Defendants' Requisite State of Mind

Defendants argue that the evidence was only destroyed following WCPD's two-year policy, because WCPD was not on notice of their potential relevancy. (Defs.' Opp'n at 12.) "A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the

documents were **potentially relevant** to the litigation before they were destroyed.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006)(quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)) (emphasis added).

Here, Defendant argues that it placed a litigation hold on all evidence that WCPD reasonably believed was related to Plaintiff's malicious prosecution claim, but not these emails now sought, because they did not know that they were potentially relevant. (Defs.' Opp'n at 12-13.) This argument is unavailing, because, as discussed above, it would have taken minimal effort to ascertain the identities of those involved in investigating Plaintiff. *See* discussion, *supra,* Part III.i.

While Plaintiff seems convinced that Defendants purposefully destroyed email evidence as part of their litigation strategy, lesser sanctions, including an adverse inference instruction, may be appropriate in the absence of a finding of bad faith. *See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 n. 2 (9th Cir. 1992); *see also Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993) (A court may exercise its broad discretionary power to issue an adverse inference instruction based on potential relevance to the litigation without a finding of bad faith.). Here, there is no dispute that the destruction of the emails was willful based on the failure to initiate a litigation hold, even if that failure to initiate was not done in bad faith.

### c. Relevance

Defendants argue that all reasonably relevant evidence was preserved in anticipation of litigation. (Defs.' Opp'n at 11.) Further, Defendants contend that all evidence preserved by WCPD following the murder investigation and the filing of Plaintiff's initial complaint, which includes over 19,000 pages of Bate stamped evidence, has already been produced to Plaintiff. (Rothman Decl. ¶ 6.) While the Court commends Defendants for producing all documents, even those that have not been formally requested, that does not mean that all relevant documents were preserved. Indeed, as provided above, the Court finds that internal emails pertaining to Plaintiff's cell phone records and locations are relevant to Plaintiff's malicious prosecution claim.

In light of the foregoing, Plaintiff's lawsuit triggered WCPD's duty to preserve all potentially relevant evidence, including emails regarding his cell phone records and location data.

Therefore, should Plaintiff be unable to obtain these emails from other sources, an adverse inference instruction or other lesser sanction may be appropriate to explain the absence of that information. Plaintiff has obtained four emails from Defendant Holcombe, and must first attempt to obtain copies of those emails from other sources, including non-parties by way of subpoena, before filing a subsequent motion for sanctions for spoliation of evidence.

## IV. CONCLUSION

In light of the foregoing, Plaintiff's motion for sanctions for spoliation of evidence is DENIED without prejudice on the grounds that the requested imposition of default judgment is too severe and premature. Plaintiff is permitted to file a motion seeking a lesser sanction after discovery is closed.

IT IS SO ORDERED.

Dated: November 22, 2019

KANDIS A. WESTMORE
United States Magistrate Judge