UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEN COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>GREG LEONARD, et al.,<br><br>Defendants. | Case No. 4:18-cv-00719-YGR (KAW)<br><br>**ORDER DENYING PLAINTIFF'S 11/25/19 MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 138 |

On November 25, 2019, Plaintiff Gerald Len Cooley filed a motion for sanctions against Defendants William Jeha, Greg Leonard, and Darryl Holcombe regarding their belated responses to discovery in alleged violation of the undersigned's court order. (Pl.'s Mot, Dkt. No. 138 at 5.) Therein, he requests that the Court enter default judgment against all defendants for failure to complete their document productions by August 26, 2019. *Id.* at 10. The discovery at issue was previously addressed in discovery orders issued on November 6, 2019, both of which denied Plaintiff's requests to compel further supplementation, because the documents had been produced. (Dkt. Nos. 132 & 133.)

On November 22, 2019, the Court denied Plaintiff's prior motion for sanctions, in which he sought default judgment against Defendants Jeha and Leonard. (Dkt. No. 134.) The Court explained that default judgment was not an appropriate sanction for spoliation. The untimely production of documents is far less egregious than the spoliation of evidence. *See id.* at 4-5. In light of the Court's November 6, 2019 orders addressing the subject discovery and the recent November 22, 2019 order, the Court can only infer that the instant motion was filed in bad faith.

Accordingly, Plaintiff's motion for sanctions is DENIED. Defendants need not expend their resources to oppose this frivolous motion, and the Court need not waste more of its limited

resources in resolution thereof.

As Plaintiff was advised at the November 21, 2019 hearing on his prior motion for sanctions, such motions are not a valid litigation strategy and are generally not appropriate. The Court notes that, at the hearing, Plaintiff informed the Court that his uncle, Frederick Marc Cooley, was assisting him with the prosecution of his case. The Court observed that Plaintiff appeared unfamiliar with the Court's August 19, 2019 order, in which he was advised that "accusing opposing counsel of misconduct and threatening them with a State Bar investigation is not an appropriate litigation strategy and could be grounds for sanctions." (Dkt. No. 110 at 2.) Plaintiff also appeared unfamiliar with the status of discovery in his case, because he did not know whether subpoenas had been issued to other agencies in an attempt to obtain the emails that were destroyed. To the extent that Plaintiff's uncle is responsible for the filing of this frivolous motion, the Court again reminds Plaintiff that he is responsible for his own case, and that it is illegal for his uncle to practice law without a license.[1] Such conduct is reportable to the State Bar of California for criminal prosecution.

Additionally, Plaintiff is cautioned that any future motion practice deemed frivolous or in bad faith **will** subject him to sanctions imposed by the Court, *sua sponte*, under Rule 11 and the Court's inherent authority.

Finally, Plaintiff is ordered to file a declaration under penalty of perjury, on or before **December 13, 2019**, confirming that he has reviewed and understands this order. Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants— for assistance in preparing his declaration by calling (415) 782-8982.

IT IS SO ORDERED.

Dated: November 26, 2019

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] The elder Cooley was previously cautioned in the U.S. District Court for the Eastern District of California, "that he cannot, as a non-attorney, represent other persons in federal court." *Cooley v. City of Vallejo*, No. 2:14-cv-0620-TLNKJNPS, 2015 WL 6689983, at *3 (E.D. Cal. Oct. 29, 2015).